Justice Beth Baker delivered the Opinion of the Court.
**445 ¶1 The University of Montana (the "University") appeals orders from the Fourth Judicial District Court, Missoula County, certifying three classes to proceed in a lawsuit against the University. The suit alleges that the University breached its fiduciary duty to students by entering into a contract with Higher One, Inc., to process student loan refunds through non-competitive financial accounts and by providing students' personal information to Higher One. On appeal, we review whether the District Court abused its discretion when it certified three classes under M. R. Civ. P. 23(b) to pursue the claims. We reverse in part and affirm in part.
PROCEDURAL AND FACTUAL BACKGROUND
¶2 Prior to 2010, the University processed student loan disbursements by issuing paper checks to each student receiving a reimbursement. That year, the University entered into a service agreement with Higher One to process student loan disbursements to enrolled students. Under the contract, Higher One disbursed the student loan funds. Students receiving student loan reimbursements were given the option to have the funds directly deposited into an account with Higher One or electronically transferred into a third-party bank account of the student's choosing. If a student did not select one of those two options, Higher One issued the student a paper check by default. The contract expired on June 30, 2015, and was not renewed.
¶3 The University transferred to Higher One the following personal information regarding more than 38,000 students: the student's name, address, e-mail address, University ID number, birthdate, gender, **446 telephone number, and the last four digits of the student's social security number. Higher One sent each student a debit card branded with the University's logo, along with information directing the students to a Higher One website to select the method for their loan disbursement. If students selected the "Easy Refund" method, Higher One opened an account-called a OneAccount-for the student with its partner bank and activated the debit card. Students also could select to have the funds electronically transferred to a bank account of their choosing, but a student who selected this option was directed to fill out a separate paper form and send it to Higher One to complete the transfer. Students who did not select an option on the website were sent a paper check to the mailing address on file.
¶4 The fee schedule that would be charged to students selecting to open OneAccounts was attached as Exhibit B to the University's contract with Higher One. Fees included a $0.50 fee for each debit card transaction, fees for use of Non-Higher One ATMs, fees for insufficient funds, and abandoned account fees. The fee schedule was available to students through Higher One's website.
¶5 Current and former students Daniel P. Knudsen, Rose E. Ayers, Eric Dennison, Lance French, Erik Farnham, and Kaila Jacobson (collectively, "Students") filed this lawsuit against the University in November *838 2016 as a class action complaint. The Students alleged that the University's agreement with Higher One subjected them to excessive bank fees and that the University disclosed personal information to Higher One without their consent. The Students alleged breach of the University's fiduciary duty, negligent entrustment, statutory and constitutional privacy right violations, and unjust enrichment. The complaint sought compensatory damages, as well as declaratory and injunctive relief. In two orders, the District Court certified three classes to proceed in the lawsuit:
Class 1: Past or present students of Defendant University who paid fees to Higher One Holdings, as a consequence of opening an account with Higher One to receive student loan refunds.
Class 2: Past or present students of Defendant University whose personal information was transmitted to Higher One Holdings.
Class 3: Past or present students of Defendant University whose personal information has been or may be transmitted to a third-party vendor or third-party contractor without prior written consent in circumstances other than where transmission is necessary for completion of a task having a legitimate educational interest.
The University appeals the Order Granting Motion for Certification of **447 Classes and the Supplemental Order Granting Motion for Certification of Classes.
STANDARD OF REVIEW
¶6 We review a district court's decision on a motion for class certification for an abuse of discretion. Sangwin v. State , 2013 MT 373, ¶ 10, 373 Mont. 131, 315 P.3d 279.
DISCUSSION
¶7 A "class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.' " Mattson v. Mont. Power Co. , 2012 MT 318, ¶ 18, 368 Mont. 1, 291 P.3d 1209 (quoting Califano v. Yamasaki , 442 U.S. 682, 700-01, 99 S. Ct. 2545, 2557, 61 L.Ed.2d 176 (1979) ). "A class action allows the representative party to conserve the judiciary's and the similarly-situated parties' resources by permitting the single litigation of common issues of fact and law." Roose v. Lincoln Cty. Emp. Grp. Health Plan , 2015 MT 324, ¶ 14, 381 Mont. 409, 362 P.3d 40. In order for a class action to proceed, it must meet the four requirements of Rule 23(a) and it must satisfy at least one of the three subsections of Rule 23(b). Roose , ¶ 14. The University does not dispute that the Students meet the four requirements of Rule 23(a). It challenges only whether the District Court abused its discretion in determining that the classes satisfied the standards for a class action under Rule 23(b)(1), (2), or (3).
¶8 Rule 23(b) describes three avenues under which a class action may proceed:
A class action may be maintained if Rule 23(a) is satisfied and if:
(1) Prosecuting separate actions by or against individual class members would create a risk of:
(A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
(3) the court finds that the questions of law or fact common to the **448 class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to the findings include:
(A) the class members' interests in individually controlling the prosecution or defense of separate actions;
*839 (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
(D) the likely difficulties in managing a class action.
¶9 The District Court's initial order, certifying two classes, provided no analysis under Rule 23(b). It provided the bare statement, "The court believes that classes described by Rule 23(b)(1) and (3) apply." In its supplemental order, certifying a third class, the District Court provided brief analysis of Rule 23(b), without clearly specifying under what subsection it certified each of the three classes. On appeal, the University argues that the District Court erred in certifying the three classes under any subsection of Rule 23(b). Students respond that Class 3 is properly certified under Rule 23(b)(2) and that Class 1 and Class 2 are properly certified under Rule 23(b)(3).
¶10 " '[W]hen a district court's decision is not supported by findings as to the applicability of Rule 23 criteria, it is not entitled to the traditional deference' given to determinations of class status." Mattson , ¶ 17 (quoting Local Joint Exec. Bd. of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc. , 244 F.3d 1152, 1161 (9th Cir. 2001) ). When "the factual record is sufficiently well developed that we may evaluate for ourselves whether the provisions of Rule 23 have been satisfied," however, we can do such an evaluation and "do not need to remand for a determination of class action status." Local Joint Exec. Bd. of Culinary/Bartender Tr. Fund , 244 F.3d at 1161. Notwithstanding the District Court's minimal analysis certifying the three classes, we conclude that the factual record is sufficiently well-developed for us to conduct our own evaluation. We discuss each subsection of Rule 23(b) in turn.
Rule 23(b)(1)
¶11 Rule 23(b)(1) is a narrow basis for class actions that applies only when individual adjudications threaten to create "incompatible standards" for the opposing party's conduct or when there are limited funds available for recovery. See M. R. Civ. P. 23(b)(1)(A)-(B) ; see also 2 William B. Rubenstein, Newberg on Class Actions § 4:2 (5th ed. 2012). Although the District Court stated in its first order certifying **449 Classes 1 and 2 that it "believes the classes described by Rule 23(b)(1) and (3) apply," it provided no analysis regarding classification under Rule 23(b)(1) in either the original order or in its supplemental order. Students provide no argument in support of classification under Rule 23(b)(1) for any of the certified classes and thus concede the University's argument that certification under Rule 23(b)(1) for any of the classes was an abuse of discretion. We hold that the District Court abused its discretion to the extent that it certified any classes under Rule 23(b)(1).
Rule 23(b)(2)
¶12 The Students argue that the District Court properly certified Class 3 under Rule 23(b)(2). Because the Students provide no argument that Class 1 or 2 properly was certified under Rule 23(b)(2), we discuss only Class 3 in analyzing Rule 23(b)(2).
¶13 Rule 23(b)(2) has two requirements: (1) "the party opposing the class has acted or refused to act on grounds that apply generally to the class," and (2) "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." The first requirement "focuses on the defendant and questions whether the defendant has a policy that affects everyone in the proposed class in a similar fashion." 2 Rubenstein, Newberg on Class Actions § 4:28, 104. Under the second requirement, "[t]he key to the [Rule 23](b)(2) class is[ the indivisible nature of the injunctive or declaratory remedy warranted-the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." Jacobsen v. Allstate Ins. Co. , 2013 MT 244, ¶ 61, 371 Mont. 393, 310 P.3d 452 (quoting Wal-Mart Stores, Inc. v. Dukes , 564 U.S. 338, 360, 131 S. Ct. 2541, 2557, 180 L.Ed.2d 374 (2011) ). Class 3 fails to meet these requirements.
*840 ¶14 Students have failed to identify an ongoing-or threatened-policy or action of the University that pertains to Class 3 as a whole. Plaintiffs allege that the University maintains that its transmittal of personal information to Higher One was lawful and that the University therefore may repeat the actions in the future. Students have not alleged or provided evidence that the University is currently party to a contract with the same allegedly objectionable features as the University's long-expired contract with Higher One or that the University is contemplating entering into such a contract. The class includes past and present students "whose personal information has been or may be transmitted to a third-party vendor or third-party contractor without prior written consent in circumstances other than where transmission is necessary for completion of a task having a legitimate educational interest." No common policy or action of the **450 University has been identified that affects this entire broadly defined class.
¶15 More, the certified class is far too broad for a court to provide any declaratory or injunctive relief to all class members. The University's contract with Higher One expired in 2015, and Higher One itself no longer exists. Again, Students do not allege that the University has entered into or is planning to enter into a similar contract with another company. There is no ongoing conduct to enjoin or to declare unlawful. The nature of the injunctive or declaratory relief the Students seek for Class 3 is not "indivisible." The broad wording of the class certification includes any number of situations in which the University has contracted or could in the future contract with third-party vendors-including situations that are entirely unlike the contract the University had with Higher One. Each such contract would require separate analysis and injunction. Rather than a single injunction, the court would need to fashion separate injunctions based on different allegedly offending contract terms from different contracts with different companies-contracts that at this point have not been identified, might not yet exist, and thus are entirely speculative.
¶16 The District Court's certification of Class 3 under Rule 23(b)(2) was an abuse of discretion. The Students provide no argument that the District Court properly could have certified Class 3 under any other section of Rule 23(b). Thus, we hold that the District Court abused its discretion in certifying Class 3.
Rule 23(b)(3)
¶17 Rule 23(b)(3) allows the recovery of money damages. To certify a class under Rule 23(b)(3), a court must determine that a class satisfies two requirements: (1) common questions of law or fact must "predominate over any questions affecting only individual members"; and (2) resolution as a class action must be "superior to other available methods for fairly and efficiently adjudicating the controversy." M. R. Civ. P. 23(b)(3) ; see also Worledge v. Riverstone Residential Grp., LLC , 2015 MT 142, ¶ 41, 379 Mont. 265, 350 P.3d 39. "[C]lass determination is appropriate [under Rule 23(b)(3) ] when the class members' claims depend on a common contention that is capable of classwide resolution." Worledge , ¶ 42 (internal quotations omitted). Factors pertinent to Rule 23(b)(3) include (1) class members' interests in individually controlling the prosecution of separate actions; (2) the extent and nature of litigation regarding the issue already begun by class members; (3) the desirability of concentrating the litigation in a particular forum; and (4) the likely difficulties in managing a class action. M. R. Civ. P. 23(b)(3)(A)-(D).
**451 ¶18 The University argues on appeal that the District Court improperly certified Class 1 and Class 2 under Rule 23(b)(3) because common issues of law or fact do not predominate. The University maintains that the monetary damages Students seek for excessive bank charges for Class 1 and invasion of privacy rights for Class 2 both require individual determinations. It adds that for Class 1 myriad individual issues will have to be determined, including which students paid fees to Higher One, which of the fees paid to Higher One were "excessive," and whether the students who incurred fees carry some responsibility for incurring those fees, such *841 as by failing to balance their checkbooks. For Class 2, the University maintains that violations of privacy are fact-specific inquiries that would need to be conducted individually for each member of the class. Students counter that the District Court properly certified Class 1 and Class 2 under Rule 23(b)(3) because the University engaged in standardized conduct with all class members, and its liability for these actions will be the same for all members of Class 1 and Class 2.
¶19 Regarding superiority, the University challenges only whether there is a risk of multiplicity of individual lawsuits, arguing that it is not aware of any other claim arising from its contract with Higher One. Given the relatively small recoveries any individual plaintiff would recover if successful, the prospective costs of litigating such claims, and the large number of potential plaintiffs, we hold that a class action suit is the superior method to adjudicate these claims, despite the lack of other suits challenging the University's contract with Higher One.
¶20 Before turning to predominance, we examine the District Court's class definitions. The District Court certified Class 1 as "Past or present students of Defendant University who paid fees to Higher One Holdings, as a consequence of opening an account with Higher One to receive student loan refunds ." (Emphasis added). Class 2 comprises "Past or present students of Defendant University whose personal information was transmitted to Higher One Holdings." The District Court properly tailored these classes to the class-wide harm alleged, and we read them narrowly. Members of Class 1, for instance, will include only students who paid allegedly unauthorized fees as a consequence of opening an account with Higher One to receive student loan refunds. Students charged overdraft fees for their own careless banking practices are not encompassed within the class definition. In contrast, students charged overdraft fees because "inactivity" fees put their accounts below zero may qualify for the class, if the court determines that such fees are in violation of federal law. Students who never opened OneAccounts but instead elected to have funds **452 transferred to third-party bank accounts or defaulted to the paper check payment method also are excluded from the class. Class 2 includes each student whose personal information the University transferred to Higher One.
¶21 In its supplemental order, the District Court identified common issues of law and fact in discussing the commonality requirement of Rule 23(a)(2). It did not identify which questions were capable of class-wide resolution for each class. It is clear, however, that for both Class 1 and Class 2 at least one of the common questions the District Court identified is capable of class-wide resolution and will move the litigation forward. For Class 1, the University's liability, if any, for subjecting students to service fees for accessing their student loan refunds via the Higher One accounts will be the same for all students in the class. For Class 2, whether the information the University provided to Higher One is protected personal information and whether the University is liable for transmitting such protected personal information of its students to Higher One will be uniform for all members of that class. These questions are thus capable of class-wide resolution. See Worledge , ¶ 42.
¶22 The University's argument that individual questions regarding damage calculations predominate over these common issues falls flat. We have explained that when individualized questions in the lawsuit relate to damages, such questions will "not negate class certification as to liability ." Worledge , ¶ 46 (quoting Mattson , ¶ 41 ) (emphasis in original); see also McDonald v. Washington , 261 Mont. 392, 403-04, 862 P.2d 1150, 1157 (1993) ("[I]t has been commonly recognized that the necessity for calculation of damages on an individual basis should not preclude class determination when the common issues which determine liability predominate." (quoting Bogosian v. Gulf Oil Corp. , 561 F.2d 434, 456 (3d Cir. 1977) )) (emphasis omitted).
¶23 In McDonald , the plaintiffs sought class certification for claims that the water company failed to provide adequate service and quality water to water users in Butte. We held that "individual issues of causation and damages should not preclude certification as a class action," because "the primary *842 issue of liability here stems from [the water company's] failure to provide adequate water and service to its customers." McDonald , 261 Mont. at 404, 862 P.2d at 1157. If the water company was found liable, resolution of the case would require individual determinations whether the water company caused each person's particular injuries and the amount of each person's damages. We nonetheless upheld certification of the class action because the question whether the water company was liable for failing to provide **453 adequate water and service predominated.
¶24 It is similar here. If the University is found liable either for allowing excessive fees or for transmitting personal information, individual determinations of damages will need to be made. This does not overcome predominance of the class-wide liability determination. Whether the University is liable to Class 1 for excessive fees charged by Higher One or to Class 2 for the release of personal information to Higher One will move the litigation forward and be answered the same for all class members. The University will be liable to all members of Class 1 or to no members of Class 1 and liable to all members of Class 2 or to no members of Class 2. Whether individual class members have any recoverable damages is a separate question that does not defeat class certification to answer the predominant questions regarding the University's liability to the two classes. The District Court properly certified Class 1 and Class 2 under Rule 23(b)(3).
CONCLUSION
¶25 The District Court's certification of Class 3 is reversed and vacated. We reverse the District Court's certification of Class 1 and Class 2 under Rule 23(b)(1) and (b)(2) and affirm its certification of Class 1 and Class 2 under Rule 23(b)(3). The case is remanded for further proceedings.
We Concur:
JAMES JEREMIAH SHEA, J.
INGRID GUSTAFSON, J.
LAURIE McKINNON, J.
JIM RICE, J.