FILED

09/09/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0721

DA 23-0721

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 203

ALLIED WASTE SERVICES OF
NORTH AMERICA, LLC, d/b/a
REPUBLIC SERVICES OF MONTANA,

        Defendant and Appellant,

    v.

LH RESIDENTIAL LLC and
OTIS STREET LLC, both d/b/a
MONTANA CRESTVIEW,

        Plaintiffs and Appellees.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 2022-1172
Honorable Jason Marks, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Jeffrey M. Roth, William M. Morris, Crowley Fleck PLLP, Missoula,
Montana

        For Appellee:

        Jesse C. Kodadek, Leah Trahan, Parsons Behle & Latimer, Missoula,
Montana

        Submitted on Briefs:  October 23, 2024

        Decided:  September 9, 2025

Filed:

          _____
                           Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Republic Services of Montana ("Republic") appeals from the Fourth Judicial District Court, Missoula County's November 28, 2023 Order Granting Plaintiffs' Motion for Class Certification.

¶2 We restate the issues on appeal as follows:

*Issue 1: Whether the District Court abused its discretion when it determined that common questions of law and fact predominated over any individual questions.*

*Issue 2: Whether the District Court erred when it failed to consider the ascertainibility of class members before certifying the classes.*

**FACTUAL AND PROCEDURAL BACKGROUND**

¶3 Montana Crestview ("Crestview") owns and operates several apartment buildings in Missoula County. Republic is a waste management corporation that, until 2022, was the sole waste management company authorized by the Public Service Commission to operate in Missoula County. From 2003 to 2022, Crestview received waste management services from Republic, which were initially governed by a signed service agreement. When that agreement expired, services proceeded on an invoice-by-invoice basis. Crestview's service agreement stated that Republic would provide some of its properties with containers that had a volume of three cubic yards ("3 YD containers"), and that Republic would empty those containers at regular intervals that varied based on the building size. The service agreement also stated that Republic could charge Crestview overages for any pickup that exceeded the three-cubic-yard volume.

2

¶4    As a result of a 2021 Public Service Commission hearing contesting Republic's monopoly in Missoula, Crestview learned that several of Republic's 3 YD containers had a volume of less than three cubic yards. Republic's Capital #443 model, which constituted a little over half of Republic's 3 YD containers as of 2022, measured roughly 2.52 cubic yards. Republic rotates containers between customers for maintenance purposes and does not keep records of which customers had which model of container at which times. While the parties dispute the details of Republic's overage policy, it is undisputed that Republic provided Crestview with Capital #443 containers at various points and charged Crestview for overages found in those containers.

¶5    On October 19, 2022, Crestview sued Republic for breach of contract and requested that it be designated a representative of a class including "all Republic customers within Montana who have paid for 'three-yard' dumpster service where Republic has provided dumpsters that are substantially smaller than three yards." On January 10, 2023, the District Court issued a Scheduling Order bifurcating discovery into two phases: one to address class certification and the other on the merits. The District Court acknowledged that phase one would include some inquiry into the merits to satisfy the requirements of M. R. Civ. P. 23(a) and (b) but was intended to "limit detailed discovery into issues such as the specific identity of every class member and their respective damages." On March 15, 2023, Crestview filed an amended complaint that included an additional class action claim for negligent misrepresentation and filed a Motion for Rule 23(b)(3) Class Certification on

June 26, 2023. In its motion for class certification, Crestview amended its proposed class definition and divided them into two different definitions based on its two claims:

> • **Breach-of-Contract Class:** All Republic Services customers in the Missoula County who paid for "three-yard" dumpster service from October 19, 2014 to the date the class is provided notice, or until judgment is entered.

> • **Negligent Misrepresentation Class:** All Republic Services customers in Missoula County who paid for "three-yard" dumpster service and from October 19, 2019 until the date the class is provided notice, or until judgment is entered.

Republic filed a brief in opposition to Crestview's motion on August 4, 2023.

¶6 On October 16, 2023, Crestview filed a Notice of Proposed Amended Class Definitions based on information in Republic's opposition briefing. The notice proposed the following class definitions:

> • **Breach-of-Contract Class:** All Republic Services customers in Missoula County who paid for "three-yard" dumpster service but were provided one or more dumpsters measuring 2.6 cubic yards or less, at any time from October 19, 2014 until the date the class is provided notice, or until judgment is entered.

> • **Negligent Misrepresentation Class:** All Republic Services customers in Missoula County who paid for "three-yard" dumpster service but were provided one or more dumpsters measuring 2.6 cubic yards or less, at any time from October 19, 2019 until the date the class is provided notice, or until judgment is entered.

¶7 After oral argument the District Court certified the two classes as defined in Crestview's October 16, 2023 notice. It determined that Crestview had presented sufficient evidence to meet the requirements of M. R. Civ. P. 23(a) and (b)(3), including that questions common to all class members predominate over any individual questions in the

case and that class litigation was superior to individual litigation for resolving these questions.

## STANDARD OF REVIEW

¶8 We review a district court order granting class certification for an abuse of discretion. *Kramer v. Fergus Farm Mut. Ins. Co.*, 2020 MT 258, ¶ 11, 401 Mont. 489, 474 P.3d 310 (citing *Knudsen v. Univ. of Mont.*, 2019 MT 175, ¶ 6, 396 Mont. 443, 445 P.3d 834). When reviewing class certification, we afford the trial court the broadest discretion because it "'is in the best position to consider the most fair and efficient procedure for conducting any given litigation.'" *Kramer*, ¶ 11 (quoting *Sangwin v. State*, 2013 MT 373, ¶ 10, 373 Mont. 131, 315 P.3d 279). To the extent that the ruling on a M. R. Civ. P. 23 requirement is supported by a finding of fact, that finding, like any other finding of fact, is reviewed under the clearly erroneous standard; and to the extent that the ruling involves an issue of law, review is de novo. *Kramer*, ¶ 12 (citing *Jacobsen v. Allstate Ins. Co.*, 2013 MT 244, ¶ 25, 371 Mont. 393, 310 P.3d 452). We are reluctant to interfere with discretionary orders in the early stages of litigation. *Diaz v. State*, 2013 MT 219, ¶ 20, 371 Mont. 214, 308 P.3d 38.

## DISCUSSION

¶9 For certification of a class action, the class must satisfy the four preliminary requirements set forth in M. R. Civ. P. 23(a)—numerosity, commonality, typicality, and adequate representation—and satisfy any subsection of M. R. Civ. P.23(b). *Kramer*, ¶ 14 (citing *Knudsen*, ¶ 7). The party seeking class certification must prove "'in fact'" the

requirements of Rule 23(a) and "'satisfy through evidentiary proof'" any individual provision of Rule 23(b). *Kramer*, ¶ 15 (quoting *Comcast Corp. v. Behrend*, 569 U.S. 27, 33, 133 S. Ct. 1426, 1432 (2013)).

¶10 *Issue 1: Whether the District Court abused its discretion when it determined that common questions of law and fact predominated over any individual questions.*

¶11 Under M. R. Civ. P. 23(b)(3), the court must determine that "questions of law or fact common to the class members predominate over any questions affecting only individual members." As we have explained:

> The predominance inquiry focuses on the relationship between the common and individual issues and tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation. Rule 23(b)(3)'s predominance and superiority requirements were added to cover cases in which a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results. Accordingly, a central concern of the Rule 23(b)(3) predominance test is whether adjudication of common issues will help achieve judicial economy.

*Kramer*, ¶ 18 (quoting *Mattson v. Mont. Power Co.*, 2012 MT 318, ¶ 39, 368 Mont. 1, 291 P.3d 1209).

¶12 Republic argues that the District Court abused its discretion when it determined that common questions of law and fact predominated over any questions affecting only individual members of the proposed class. Republic asserts that Crestview cannot prove that common questions predominate in the determination of Republic's liability to each class member because each class member would have to demonstrate an individualized injury. Crestview responds that the District Court correctly determined that the common

6

questions of "whether Republic breached its contracts or committed tortious acts by providing undersized dumpsters" predominate over individual issues.

¶13 The dispute between the parties boils down to two disagreements: (1) the nature of the breach Crestview is alleging and (2) the legal standard for predominance. Crestview asserts the breach it is concerned with is Republic's breach of its agreement to provide containers that hold at least three cubic yards of space. Republic asserts the breach it is being accused of is erroneously charging customers for overfilling their undersized containers. Neither party is entirely correct because Crestview alleges *both* breaches in paragraphs 64 and 65 of its amended complaint. This is important because, while the question of whether Republic provided undersized containers predominates in the analysis of the first alleged breach, it is not as clear whether that question predominates in the analysis of the second. If, as Republic alleges, it did not charge an overage to every customer that received an undersized container, then a narrower class might need to be identified for the claims that rely on the second breach theory.[1]

¶14 The parties' disagreement about the proper theory of breach boils down to a disagreement over what the parties contracted for in the first place. The District Court found that "Republic does not dispute that every customer had to specify the size of dumpster service desired as a part of signing up for its services." But given the shifting nature of the contractual relationship between Crestview and Republic, as evidenced by the

---

[1] For instance, the proper class might contain "all Republic customers in Missoula County who paid for three-yard dumpster service but were provided one or more dumpsters measuring 2.6 cubic yards or less *and were charged overage fees*."

different agreements, invoices, and proposed agreements in the record, there are lingering questions in the case about whether Republic was obligated to provide *certain containers* or merely the capacity to haul away *certain volumes* of garbage. Neither party has asked the District Court to interpret Republic's contractual responsibilities at this early stage. As a result, the proper theory of breach on which to base a class is on a long list of unresolved questions in this case—a list that includes the nature of Republic's overage policy, whether and to what extent overage charges were assessed, and what records Republic kept.

¶15 This lack of clarity highlights the reason why "[w]e are particularly reluctant to interfere with discretionary orders in the early stages of litigation . . . when the facts are disputed and discovery incomplete." *Diaz*, ¶ 20. Because there are often lingering questions relevant to class certification "we apply deference to a district court's preliminary determinations." *Diaz*, ¶ 20. A district court does not abuse its discretion when it makes the *preliminary* determination to certify a class based on sparse information, only when it acts "'arbitrarily without conscientious judgment or exceed[s] the bounds of reason.'" *Diaz*, ¶ 20 (quoting *Chipman v. Nw. Healthcare Corp.*, 2012 MT 242, ¶ 17, 366 Mont. 450, 288 P.3d 193). If the District Court, with the benefit of a more complete record, later discovers that a more specific class is required for some of Crestview's claims, M. R. Civ. P. 23(c)(1)(C) gives it "flexibility to modify its certification order[ ]." *Diaz*, ¶ 20. Until then, we will "refrain from micromanaging [the District Court's] administration of [this] class action." *Diaz*, ¶ 20.

8

¶16    Republic argues that Crestview also cannot prove predominance because no matter the theory of breach, each putative class member's damages will need to be determined individually to establish liability. Republic relies significantly on two cases in support of its argument: *Sangwin* and *Lara v. First Nat'l Ins. Co. of Am.*, 25 F.4th 1134 (9th Cir. 2022). In *Sangwin*, we held that common questions did not predominate because the district court would have to determine whether an insurer had breached the terms of its contract by denying each insured's claim to determine liability. *Sangwin*, ¶¶ 36-37. In *Lara*, the Ninth Circuit Court of Appeals held that the district court did not abuse its discretion when it determined that common questions did not predominate because the district court would have to determine whether each individual insured had been given the correct value of their vehicle by their insurer. *Lara*, 25 F.4th at 1137-38.

¶17    Republic's reliance on *Sangwin* and *Lara* are misplaced. *Sangwin* is distinct from this case because it concerned individualized breach determinations, not individualized damages, as Republic acknowledges are at issue here. As for *Lara*, we have held that "individualized questions of damages typically do not negate class certification as to contractual liability." *Kramer*, ¶ 20 (citing *Knudsen*, ¶ 22). This is because answering common questions of contractual duty and breach as a class "will move the litigation forward" in a more efficient manner than having to hold a trial on those issues for each individual class member. *Kramer*, ¶ 22. This advances the purpose of the predominance test, which is not designed to determine whether a class action is a perfect fit, but "whether adjudication of common issues will help achieve judicial economy." *Mattson*, ¶ 39.

9

¶18    The District Court found that there was at least one issue common to all members of the breach-of-contract class and another common to all members of the negligent-misrepresentation class. Those questions go to whether Republic breached its contractual or legal obligations by providing undersized containers to all of the class members and contain several common factual and legal sub-questions of duty, contract terms, and oral and written representations. The District Court did not abuse its discretion when it determined that answering these questions with respect to a class would move the litigation forward more efficiently than answering them repeatedly in separate trials.

¶19    *Issue 2: Whether the District Court erred when it failed to consider the ascertainibility of class members before certifying the classes.*

¶20    Republic argues that the District Court erred by failing to consider whether the class members under its definitions would be ascertainable, citing, again, our decision in *Sangwin*. Steve Sangwin sued his medical insurer for wrongfully denying his insurance claim as experimental. *Sangwin*, ¶¶ 5-7. The district court granted Sangwin's motion for class certification, defining the class as "[a]ll persons who were participants, subscribers and/or beneficiaries of the State of Montana Employee Health Plan . . . who have had medical benefits denied . . . based on the contention that the benefits were experimental . . . unless such medical benefits were 'for research.'" *Sangwin*, ¶ 8. We held that the district court improperly certified the class because common questions did not predominate when it would have to make an individualized determination about whether each benefits claim was "for research." *Sangwin*, ¶¶ 36-37. Republic argues that this holding in *Sangwin* identified an ascertainability requirement in M. R. Civ. P. 23(b)(3) that

10

a "class's membership be able to be presently and readily ascertainable by reference to objective criteria." Republic asserts that such a requirement is essential to "eliminat[ing] serious administrative burdens that are incongruous with the efficiencies expected in a class action."

¶21 Instead of demonstrating that we have already identified a free standing ascertainability requirement in M. R. Civ. P. 23(b)(3), *Sangwin* highlights that the rule already contains other mechanisms to ensure efficiency. Rules 23(a)(2) and (b)(3) require the plaintiff to prove that all proposed class members are linked by predominating common facts. Rule 23(b)(3) requires the plaintiff to prove that a class action is superior to "other available methods for . . . adjudicating the controversy." Rule 23(d) permits the district court to "prescribe measures to prevent undue repetition or complication in presenting evidence or argument," "impose conditions on the representative parties," require amendment of pleadings to "eliminate allegations about representation of absent persons," and "deal with similar procedural matters." M. R. Civ. P. 23(d)(1)(A), (C)-(E).

¶22 District courts have "broad discretion in determining" what to consider when determining how to apply these efficiency mechanisms. *Fink v. Williams*, 2012 MT 304, ¶ 18, 367 Mont. 431, 291 P.3d 1140. We have held that such considerations may include whether class members are ascertainable, *see Diaz*, ¶ 36, but have never held that such a consideration is mandatory. The District Court did not err by not considering the ascertainibility of the class members.

11

**CONCLUSION**

¶23　The District Court did not abuse its discretion by granting Crestview's motion for

class certification.　The District Court's November 28, 2023 Order is affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ INGRID GUSTAFSON
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE